### WEIL v. KAHN.

*(Common Pleas of New York City and County, General Term.   June 2, 1890.)*

LANDLORD AND TENANT—REPAIRS—EVIDENCE.

In an action by a lessee to recover money paid for repairing the roof of the leased house, a collateral agreement, binding the lessor to make such external repairs, is admissible in evidence, where the only provision of the lease relating to that subject is that the lessee shall make all repairs, except those to the exterior of the building.

Appeal from fifth district court.

Action by Samuel Weil against Joseph Kahn to recover money paid for repairing roof of defendant's house, of which plaintiff was tenant.   Judgment for defendant.   Plaintiff appeals.

Argued before LARREMORE, C. J., and ALLEN and BOOKSTAVER, JJ.

*A. W. Benick,* for appellant.   *Lewis Hurst,* for respondent.

PER CURIAM.   The action was brought to recover $18 for money laid out and expended by plaintiff for the defendant in repairing the roof of a house leased by the defendant to the plaintiff.   The lease expressly provided that all the repairs were to be made by the lessee, except those to the exterior of the building, but there was no provision in the lease that the landlord should make those repairs.   Had this been the only contract between the parties, the views expressed by the justice in his opinion would have been entirely correct, and decisive of this case.   But upon the trial plaintiff offered evidence tending to show that there was a collateral agreement made between the parties, by which the landlord agreed to keep the exterior in repairs, and the provisions of the lease respecting the repairs are interlined.   There could have been no object for making this interlineation restricting the tenant's obligation to keep in repair the interior, for he was bound to do this without any covenants, and therefore the interlineation adds nothing whatever to the lease; and, as it is entirely silent as to who is to make the repairs to the outside of the building, we think the evidence offered in respect thereto should have been admitted.   *Ward* v. *Cowdrey,* 5 N. Y. Supp. 282; *Bean* v. *Carleton,* 6 N. Y. St. Rep. 641.   The judgment should therefore be reversed, and a new trial ordered, with costs to abide the event.   All concur.